# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| James W. P.Andrews, | 2:17-cv-01255-JAD-VCF |
| Plaintiff | **Order Granting Motion to Stay** |
| v. | [ECF Nos. 9, 15] |
| Ocwen Loan Servicing, LLC, | |
| Defendant | |

James W. P. Andrews claims that Ocwen Loan Servicing engaged in illegal collection tactics when it called him more than a thousand times on his cell phone after he defaulted on his home mortgage.  He sues Ocwen primarily for auto-dialing violations of the Telephone Consumer Protection Act of 1991 (TCPA), relying on auto-dialing opinions by the Federal Communications Commission (FCC).[1]  Ocwen moves to temporarily stay this case because the viability of those FCC rulings are the subject of a fully briefed and argued appeal in *ACA International v. FCC*, pending before the D.C. Circuit Court.[2]  To save the parties from the need or inclination to invest resources further briefing the TCPA issues before the circuit court has issued its decision, I grant the motion, stay all proceedings in this case, and deny the pending motion to dismiss without prejudice to its refiling after the stay is lifted.

## Discussion

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[3]  When determining whether a stay is appropriate pending the

---

[1] ECF No. 5.

[2] ECF No. 9 (citing *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. 2015)).  I find this motion suitable for disposition without oral argument.  L.R. 78-1.

[3] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[4] After weighing these considerations, I find that a *Landis* stay is appropriate here. I address these considerations in reverse order.

**A.      A stay will promote the orderly course of justice.**

At the center of this case are Ocwen's auto-dialing practices and their legality based on, *inter alia*, FCC Order 15-72's expansion of the TCPA's reach. The continued viability of that FCC order is the subject of *ACA International*. That case was argued nine months ago, so a decision should be imminent. Staying this case pending the D.C. Circuit's disposition of *ACA International* will permit the parties to evaluate—and me to consider—the viability of the plaintiff's TCPA claims under the most complete precedent. This will simplify and streamline the proceedings and promote the efficient use of the parties' and the court's resources.

**B.      Hardship and inequity**

Both parties face the prospect of hardship if I resolve the claims or issues in this case before the D.C. Circuit issues its decision. Whether that decision will be binding is not yet clear; it will be at least persuasive, and I have no doubt that both parties would argue its relevance in this case. A stay will prevent unnecessary briefing and the expenditures of time, attorney's fees, and resources that could be wasted—or at least prematurely spent—guessing the impact of the panel's ruling. And although there are other claims in this case, the TCPA claims appear to be the centerpiece of this litigation.

**C.      Damage from a stay**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future. But a delay would also result from any rebriefing or supplemental briefing that will

---

[4] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

necessarily happen once the decision is issued. So it is not clear to me that a stay pending the D.C. Circuit's resolution of *ACA International* will ultimately lengthen the life of this case. I thus find that any possible damage that the extension of this stay may cause the parties is minimal.

**D.    The length of the stay is reasonable.**

Finally, I note that a stay of this case pending the disposition of *ACA International* is expected to be reasonably short. The case was argued in October 2016, so a decision should be forthcoming. This stay should thus be reasonably brief, and it is certainly not indefinite.

### Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals **[ECF No. 9] is GRANTED. This case is STAYED pending the D.C. Circuit's issuance of a mandate in *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. 2015).** Once the mandate issues, any party may move to lift this stay.

IT IS FURTHER ORDERED that the pending motion to dismiss **[ECF No. 15] is DENIED** without prejudice to its refiling within 20 days of the order lifting the stay.

DATED: July 12, 2017

_____
Jennifer A. Dorsey
United States District Judge

3